UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF NEW JERSEY,<br><br>Defendants. | Civil Action No. 21-11071 (MCA)<br><br>MEMORANDUM OPINION |

This matter has been opened to the Court by Plaintiff Joseph Aruanno's ("Plaintiff") filing of a Second Amended Complaint ("SAC"), his request to proceed "Nunc Pro Tunc," and his requests for appointment of pro bono counsel and a guardian. ECF Nos. 23, 23-1, 23-2.

Plaintiff is civilly committed as a Sexually Violent Predator ("SVP") and resides at the Special Treatment Unit ("STU") in Avenel, New Jersey. He originally filed this action in state court, and the Attorney General of the State of New Jersey removed the action on or about May 11, 2021. *See* ECF No. 1. The Summons attached to the Notice of Removal listed the Attorney General as the sole Defendant in this matter. The caption of the original complaint, however, listed "John Does 1-50, Department of the New Jersey Treasury, Commissioner Gary Lanigan, et. al." as Defendants.[1] *See* Complaint at 1. The Attorney General was not mentioned in the original complaint, and there were no allegations against the Attorney General. In his letter dated December 11, 2021, Plaintiff stated that he did not sue the Attorney General. *See* ECF No. 12.

---

[1] Another document submitted with the Notice of Removal lists "State of New Jersey, et al." in the caption. *See* ECF No. 1 at 8.

The Court granted the motion to dismiss the original complaint in its entirety without prejudice as to the Attorney General because the original complaint contained no allegations against this Defendant.[2]  *See* ECF No. 14.  The Court declined to address the other arguments presented by the removing Defendant and noted that the DAG did not remove the action on behalf of the Department of the Treasury, DHS, and/or Gary Lanigan, or enter an appearance on behalf of any of the named Defendants in this action.  *Id.*

The Court also provided Plaintiff with an opportunity to amend his Complaint to clarify the Defendants he wished to sue in this action and the federal and/or state law claims he sought to assert.  *See id.*  In particular, the Court told Plaintiff that if he knew the identities of the John Does 1-4 named in his original complaint, he should name them in his amended complaint.  *Id.*  The Court also directed Plaintiff to file an application to proceed *in forma pauperis* and provide a copy of his account statement if he sought to have the U.S. Marshal serve the Complaint on any unserved Defendants.  *Id.*  Finally, the Court notified Plaintiff that if he submitted an amended complaint, it would replace the original and become the operative pleading in this action.  *Id.*

Plaintiff subsequently submitted an Amended Complaint, an IFP application, and a request for a TRO.  ECF Nos. 18, 19, 17.  The Court granted Plaintiff's IFP application, dismissed the federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B), and declined supplemental jurisdiction over any remaining state law claims.  The Court also denied without prejudice Plaintiff's request for a TRO.  *See* ECF No. 21.

---

[2] Plaintiff also filed a motion for pro bono counsel, which the Magistrate Judge denied on November 8, 2021, prior to this Court's ruling on the motion to dismiss.  ECF Nos. 6, 9.

The Court permitted Plaintiff to submit an all-inclusive second amended complaint within 45 days if he could cure the deficiencies in some or all of his federal claims and warned Plaintiff that his amended complaint would replace his current complaint.[3] The Court explained that "[i]f Plaintiff fails to elect either option within 45 days, the dismissal of the federal claims will automatically convert to a dismissal with prejudice." The Court entered this Opinion and Order on September 19, 2023. ECF Nos. 21-22.

On December 7, 2023, after the 45 days expired, Plaintiff submitted an undated document tiled "Second Amended Complaint" and "Petition to Proceed Nunc Pro Tunc." ECF Nos. 23, 23-1, 23-2. In this submission, Plaintiff renews his request for counsel, claims to have an unsound mind based on his civil commitment and seeks a legal guardian, and asks the Court to consider his SAC as within time. The Court grants Plaintiff's request to submit the SAC as within time. In his SAC, Plaintiff appears to incorporate his prior Amended Complaint as Exhibit A and attempts to supplement the Amended Complaint with additional facts, which the Court discusses below.

By way of background, in his Amended Complaint, Plaintiff alleged that cell doors in the STU are left open from 6:30 a.m. to 10:00 p.m., and that for the past two years, staff have not allowed residents in the South Unit to close their cell doors during that timeframe, which has led to sexual assaults and thefts. In particular, one resident, identified as Brooks or John Doe 2, has allegedly raped residents and female staff. According to Plaintiff, on July 1, 2019, C/O Lynch opened Plaintiff's cell door, which permitted resident Brooks to enter Plaintiff's cell and "assault" him. Plaintiff provided no additional facts about this alleged assault. Plaintiff also

---

[3] Alternatively, the Court informed Plaintiff that it would remand the matter to state court if he wished to proceed solely on his state law tort claims.

alleged that on July 8, 2019, C/O Williams opened Plaintiff's cell door while Plaintiff was not there, and Plaintiff caught Brooks coming out of his cell. Plaintiff also alleged that he contacted former NJDOC Commissioner Gary Lanigan[4] who acted with deliberate indifference. *See* ECF No. 23-1, Exhibit A at 2-3.

In screening the Amended Complaint, the Court construed Plaintiff to raise a failure to protect claim under 42 U.S.C. § 1983 against C/O Lynch, C/O Williams, and former NJDOC Commissioner Lanigan. Under the Fourteenth Amendment, the state has an affirmative duty to provide adequate food, shelter, clothing, medical care, and safety measures to those it has civilly committed. *See Grohs v. Yatauro*, 984 F. Supp.2d 273, 285 (D.N.J. 2013) (citing *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982)). A deliberate indifference claim "has three components: "an inmate must plead facts that show (1) [s]he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to h[er] health and safety, and (3) the official's deliberate indifference caused h[er] harm." *Shorter v. United States*, 12 F.4th 366, 374 (2021) (citing *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)).[5] "Deliberate indifference" in this context is a subjective standard: "the prison

---

[4] According to a publicly-available State of New Jersey Press Release, Commissioner Gary Lanigan retired from the New Jersey Department of Corrections on or about May 2, 2018, prior to the relevant incidents alleged in the Complaint. *See* Official Site of The State of New Jersey, May 2, 2018 Press Release, available at
https://nj.gov/governor/news/news/562018/approved/20180502b_MHicks.shtml.

[5] In his SAC, Plaintiff also references the professional judgment standard and appears to contend that the Court should have applied that standard to his claims. He provides no allegations showing that any of the Defendants failed to exercise professional judgment in connection with the alleged incidents. Moreover, the "'professional judgment" standard applies to "professional decisionmakers," defined as "person[s] competent, whether by education, training or experience, to make the particular decision at issue.'" *Grohs*, 984 F.Supp.2d at 283 (citing *Youngberg*, 457 U.S. at 323 n. 30). In *Shaw by Strain v. Stackhouse*, 920 F.2d 1135 (3d Cir. 1990), for instance, the Third Circuit dealt with a claim that the personnel of a state mental institution failed to protect a patient from assault. The circuit court applied the *Youngberg* "professional standards" analysis to administrators and other professional decisionmakers. *See id.* at 1147. It applied the

official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (2001).  It is not sufficient that the official should have known of the risk.  *Id.* at 133.  However, "[i]t does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.'" *Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).

In screening the Amended Complaint, the Court dismissed the failure to protect claim against C/O Lynch and C/O Williams because Plaintiff did not plead sufficient facts showing that these particular Defendants knew that Brooks had a history of sexually assaulting other residents and disregarded an excessive risk of harm to Plaintiff when they opened his cell door on July 1, 2019 and July 8, 2019.  The Court also dismissed the failure to protect claim against Defendant Lanigan because the allegations that Plaintiff contacted him and that Lanigan acted with deliberate indifference were too conclusory to state a claim for relief.

Plaintiff alleges very generally in the SAC that he and others had complained for years in writing about resident Brooks, but he does not allege when and to whom he made these complaints.  There are no facts to suggest that C/O Lynch, C/O Williams, or Lanigan received or

---

deliberate indifference standard, however, to residential service aides, nonprofessionals who lacked decision-making authority.  *See id.*  As such, Plaintiff's failure to protect claims against corrections officers, who are not decisionmakers, would be subject to the deliberate indifference standard.  *See e.g., Parisi v. Wiggins*, 2024 WL 2796445, at *5 (D.N.J. May 31, 2024) (finding that deliberate indifference standard applied to corrections officers at the STU who were alleged to have failed to protect the plaintiff).  And, the Court dismissed the federal claims against Defendant Lanigan because they were based Plaintiff's conclusory allegations that Lanigan acted with deliberate indifference.

read these written complaints prior to the incidents in question. Plaintiff also refers to another case in this district, Civ. No. 21-623, Grushack v. New Jersey Department of Corrections, in which another resident at the STU alleged that Brooks sexually assaulted him. Plaintiff cannot rely on a different plaintiff's claims to create a cause of action for himself, and he has not provided any well-pleaded facts showing that C/O Lynch, C/O Williams, or Lanigan knew of and disregarded the serious risk of harm presented by resident Brooks. Therefore, he fails to state a claim for relief for failure to protect against these particular Defendants and the Court dismisses the failure to protect claims for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also alleges in the SAC that Brooks is serving a sentence for assault and that SVPs must be kept separate from sentenced prisoners, and he seeks injunctive relief in this regard. Plaintiff, however, has not named any officials at the NJDOC or the STU who can provide him with injunctive relief, and Lanigan retired from the NJDOC more than five years ago. The Court dismisses the claims for injunctive relief for failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B).

In his SAC, Plaintiff also names additional residents who allegedly pose a threat to his and other residents' safety and seeks to add them as new Defendants in this action, but these individual residents are not state actors, and Plaintiff has not provided facts showing that any state officials ignored an excessive risk of harm presented by these residents. Therefore, the Court denies leave to amend to add these residents as Defendants in this action, and Plaintiff would need to file a new civil action with the filing fee or an application to proceed *in forma pauperis* if he wishes to bring any new failure to protect claims.

The remaining federal claims in the Amended Complaint are dismissed for the reasons explained in the Court's prior Memorandum Opinion pursuant to the Court's authority under § 1915(e)(2)(B), and the Court once again declines supplemental jurisdiction over any remaining state law claims.

At this time, the Court denies further leave to amend in this action, dismisses the federal claims arising from the July 1, 2019 and July 8, 2019 incidents with prejudice, and remands the matter to state court.  The Court also denies Plaintiff's requests for counsel in light of the dismissal of the federal claims and denies his request for a guardian because it is unsupported by any evidence that he has been adjudicated incompetent.  Nothing in this Memorandum Opinion, however, prevents Plaintiff from filing a <u>new civil action</u>, along with the appropriate filing fee or application to proceed *in forma pauperis*, to the extent he believes officials at the STU or the NJDOC are violating his constitutional right to reasonable safety.  An appropriate Order follows.

2/7/25

_____
Hon. Madeline Cox Arleo
United States District Judge